# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10873
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERON LEWIS EDWARDS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:19-CR-2-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Deron Lewis Edwards pleaded guilty to being a felon in possession of a firearm. Because he possessed the firearm in connection with his commission of a felony drug offense analogous to 21 U.S.C. § 841, the district court applied the U.S.S.G. § 2K2.1(c)(1)(A) cross-reference to U.S.S.G. § 2X1.1 and then used U.S.S.G. § 2D1.1 to calculate his offense level. Now on appeal, Edwards challenges the district court's application of a two-level § 2D1.1(b)(1)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dangerous weapon enhancement based on his possession of the firearm underlying his offense of conviction.

We review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Reyna-Esparza*, 777 F.3d 291, 293-94 (5th Cir. 2015). First, Edwards cites no language in the relevant guidelines suggesting that applying the § 2D1.1(b)(1) enhancement was expressly prohibited double counting, *see United States v. Jimenez-Elvirez*, 862 F.3d 527, 541 (5th Cir. 2017), and we have previously rejected an indistinguishable argument, *see United States v. Andrus*, No. 92-2708, 1993 WL 529720, at *2 (5th Cir. Nov. 30, 1993) (unpublished but precedential pursuant to 5TH CIR. R. 47.5.3).

Second, the record supports the application of the dangerous weapon enhancement. *See United States v. Rodriguez-Guerrero*, 805 F.3d 192, 195 (5th Cir. 2015). Edwards's argument that § 2X1.1(a) requires an additional evidentiary showing for specific offense characteristics based on conduct that actually occurred is inconsistent with that guideline, the commentary, and our precedent. *See* § 2X1.1(a) comment. (n.2); *United States v. Cabrera*, 288 F.3d 163, 169-70 (5th Cir. 2002).

AFFIRMED.